## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

JASON K. SHOCKLEY )
)
v. ) NO. 2:06-CV-110
)
HAMBLEN COUNTY SHERIFF'S DEP'T )
and RONALD "ROOKIE" INMAN )

## **MEMORANDUM and ORDER**

Jason K. Shockley, a prisoner in the Hamblen County Jail in Morristown,

Tennessee, brings this *pro se* civil rights complaint for monetary and injunctive relief

under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma paupers* is

**GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars

($350).[1]

---

[1]    A prisoner who files a federal civil case *in forma pauperis* must be assessed the
entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust
accounts at the facility wherein the prisoner is housed is ordered to submit installment
payments to the Clerk of Court, until the full amount of the filing fee has been paid.
Though the plaintiff alleges, in his application, that he has been refused "a ledger," the
Court takes judicial notice that, in another Hamblen County prisoner's case filed in this
district, the plaintiff submitted a statement signed by the Chief Jailer, stating that the
facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen
County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148 (E.D.Tenn. 2005). Thus,
the Court concludes that the plaintiff has no inmate trust fund from which to draw
periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed

1

He brings this action against the Hamblen County Sheriff's Department and Ronald "Rookie" Inman, the Jail Administrator. The first defendant, however, is not a suable entity within the meaning of § 1983. *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn.1984) (county sheriff's department is not a suable entity under § 1983). *See also Monell v. Department of Social Services*, 436 U.S. 658, 689-90 n. 53 (1978) (Only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983.). Because the Hamblen County Sheriff's Department is a non-suable entity, it is **DISMISSED** from this action.

The complaint itself contains some troubling allegations, including allegations that the plaintiff was denied medical care for a broken hand and that he has suffered daily retaliation for filing this lawsuit. In a subsequent letter, he supplements his retaliation assertions, indicating that, after the jail staff discovered that he had filed this lawsuit, he has been beaten by jailers on three occasions; that his incoming mail has been terminated; that he has been served only one to two meals a day; and that he has been placed in isolated confinement, without access to a telephone or a shower for eight days.

The Clerk is **DIRECTED** to send the plaintiff a service packet for the remaining defendant. (The packet contains a blank summons and USM 285 form.)

---

the filing fee and this constitutes a financial obligation on his part.

The plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date of date on this Order. The plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon the defendant. The defendant is **ORDERED** to respond to the plaintiff's pleadings in the manner and within the time required by the Federal Rules of Civil Procedure.

The plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER:**

J. RONNIE GREER
UNITED   STATES   DISTRICT   JUDGE

3